IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WELLS FARGO BANK, N.A.,

    Plaintiff,

v.

MARIO HERNANDEZ ALCALA, *et al.*,

    Defendants.

Civil Action No. 8:17-cv-1298-PX

\*\*\*\*\*\*

## MEMORANDUM OPINION

Pending before the Court is Plaintiff Wells Fargo's motion for default judgment against Defendants, husband and wife, Mario Hernandez Alcala (Alcala) and Sara Moreno (Moreno), seeking a declaration of equitable mortgage and claim to a superior lien on real property. ECF No. 32. The issues are fully briefed, and the Court now rules pursuant to Local Rule 105.6 as no hearing is necessary. For the reasons set forth below, the Court grants Plaintiff's motion for default judgment, finding that the parties created an equitable mortgage and that Plaintiff maintains a superior lien.

### I. BACKGROUND

On December 12, 2010, Alcala designated his wife as power of attorney to purchase real property, described as 4504 Greenwood Road, Beltsville, Md., 20705 (the "Property"). ECF No. 32-5. Moreno then obtained a loan from Wells Fargo's predecessor-in-interest, Prosperity Home Mortgage ("Prosperity"), by executing a promissory note, deed, and deed of trust in both her own name and her husband's name as attorney-in-fact. ECF No. 32-1 at 5–6. The deed of trust conveyed a lien against the Property to Prosperity. ECF No. 32-9. The documents were recorded among the land records for Prince George's County except for the written power of

attorney. ECF No. 32-1 at 3. The original power of attorney document cannot be located, although a certified copy of the power of attorney has been submitted for this Court's review. ECF No. 32-5. After Moreno and Alcala purchased the Property, the United States of America filed tax liens against the Property. ECF No. 32-1 at 4.

Wells Fargo now seeks a declaration that an equitable mortgage was created between it and Defendants, and that the mortgage is superior to the federal tax liens. ECF No. 32 at 1.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b)(2) permits the Court to enter default judgment, in actions for declaratory relief, among others. *CitiMortgage, Inc. v. Holmes*, Case No. DKC-13-1641, 2015 WL 224944, at *2 (D. Md. Jan. 14, 2015); Fed. R. Civ. P. 55(b)(2). The entry of default judgment rests with the sound discretion of the Court. *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)).

Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Id.* (quoting *Lawbaugh*, 359 F. Supp. at 421); see also *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405–06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

To determine whether a default judgment is appropriate, the Court engages in a two-step inquiry. First, the Court must decide "whether the unchallenged facts in plaintiff['s] complaint

2

constitute a legitimate cause of action." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010). Second, if the Court finds that the complaint states a legitimate cause of action, it must then "make an independent determination" as to appropriate relief. *Id.* Declaratory relief is appropriate "if the well-pleaded allegations of the complaint establish the plaintiff's right to such relief." *CitiMortgage, Inc.*, 2015 WL 224944, at *2. The Court takes as true all well-pleaded factual allegations in the complaint. Fed. R. Civ. P. 8(b)(6); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").

### III. ANALYSIS

Where mortgages do not conform with statutory requirements due to a defect or deficiency in the instrument's execution, the law recognizes that an equitable mortgage may nonetheless have been created. *Bank of America NA v. Burgess*, No. 02574, 2017 WL 1461879 (Md. Ct. Sp. App. Apr. 25, 2017). An equitable mortgage is created where there exists sufficient evidence of an intent to enter into an agreement to convey property; the court may permit the defective instrument to be construed as valid. *Id.* Thus, a statutorily deficient instrument may be enforced against a party that intended to create a lien against real property. *Adams v. Avirett*, 252 Md. 566 (1969). The doctrine applies where the intent of the parties is obvious, and does not turn on technical aspects such as recordation. *Taylor Elec. Co. v. First Mariner Bank*, 191 Md. App. 482, 498 (2010). An equitable mortgage is not created, however, where a party executes the instrument without proper legal authority. *Wilkinson v. Wilkinson*, 186 B.R. 186, 189–90 (D. Md. 1995).

3

Here, the defect exists not in the mortgage itself, but in the failure to record the power of attorney document. ECF No. 32-1 at 3. Plaintiff has provided numerous documents demonstrating Defendants' intent to convey a lien against the Property to Plaintiff, including: (1) the Deed; (2) the Deed of Trust; (3) a copy of the Note; (4) an Affidavit attesting to the authenticity of the validity of the Note; and (5) a certified copy of the Power of Attorney. Each of these documents, excluding the Affidavit, bears Defendants' signatures, with Moreno signing for her husband as attorney-in-fact.

In addition, the certified copy of the written power of attorney reflects Alcala's granting Moreno legal authority to execute the mortgage. The power of attorney is titled "for the purchase of real estate," and appoints Moreno to act as Alcala's "attorney-in-fact" in all matters related to the purchase of the Property. ECF No. 32-5 at 1. The document specifically empowers Moreno to "execute, acknowledge, accept and deliver any Deed, Contract, Lease, Note, Deed of Trust, Affidavit ... and any other document that may ... be necessary" to purchase the Property. *Id.* The document is stamped as a "certified true copy." *Id.* Despite the loss of the original power of attorney document, the certified copy bears all the hallmarks of reliability, and reflects the parties' intent to purchase real property secured by a mortgage. Accordingly, the Court declares that the parties have created an equitable mortgage.

Plaintiff also seeks a declaration that its lien is superior to other lien holders. ECF No. 32 at 1. The Court has already determined that to the extent an equitable mortgage exists, the federal tax liens are inferior to it. ECF No. 31. Accordingly the Court declares that the equitable mortgage takes priority to the two current liens against the property.

4

## IV. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for default, finding that an equitable mortgage exists between Plaintiff and Defendants, and that Plaintiff maintains a superior lien to the exclusion of the other two parties. A separate Order follows.

November 2, 2018
Date

/S/
Paula Xinis
United States District Judge